24-1138-pr
Crespo v. Carvajal

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-five.

PRESENT:  JOSÉ A. CABRANES,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　RICHARD J. SULLIVAN,
　　　　　　　　*Circuit Judges*.

-------------------------------------------------------------------

DAVID CRESPO, ANTHONY PODIAS, PEDRO ESPADA, JR., ROLFI ESPINAL, KESNEL JUSTE, ANTHONY JOSEPH,

　　　　*Plaintiffs-Appellants*,　　　　　　　　No. 24-1138-pr

CHENSHIN CHAN, DAVID NAGY,

　　　　*Intervenor-Plaintiffs-Appellants*,

　　　　v.

MICHAEL CARVAJAL, NORTHEAST REGIONAL DIRECTOR, FEDERAL BUREAU OF PRISONS, WARDEN HERMAN QUAY, III, FORMER WARDEN, MDC BROOKLYN, KIMBERLY ASK-CARLSON, FORMER WARDEN, MDC BROOKLYN, GERARD TRAVERS, HEALTH SERVICES ADMINISTRATOR, WAYNE DECKER, FORMER FOOD SERVICE ADMINISTRATOR, HUGH HURWITZ, ACTING DIRECTOR, FEDERAL BUREAU OF PRISONS, MARY LOU COMER, FOOD SERVICE ADMINISTRATOR, MDC BROOKLYN, HERBITO TELLEZ, WARDEN, MDC BROOKLYN,

*Defendants-Appellees*,

MARK S. INCH, THOMAS R. KANE,

*Defendants.*

------------------------------------------------------------------

FOR APPELLANTS:                NOLAN J. DEBROWNER
(Gregory Silbert, Eric S.
Hochstadt, Katheryn
Maldonado, Kara Smith, Alex
Rahmanan, Michael Campbell,
Taylor Hoffman, *on the brief*),
Weil, Gotshal & Manges LLP,
New York, NY

FOR APPELLEES: DIANA E. MAHONEY, ALEXANDRA MEGARIS, Assistant United States Attorneys (Varuni Nelson, Assistant United States Attorney, *on the brief*), *for* John J. Durham, Interim United States Attorney for the Eastern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part, and the cause is REMANDED to the District Court for further proceedings consistent with this order.

Plaintiffs-Appellants Martha Crespo[1], Anthony Podias, Pedro Espada, Jr., Rolfi Espinal, Kesnel Juste, and Anthony Joseph, and Intervenor-Plaintiffs-Appellants Chenshin Chan and David Nagy, appeal from a March 12, 2024 judgment of the United States District Court for the Eastern District of New York

---

[1] After the death of named plaintiff David Crespo, the District Court granted his widow's motion to substitute so she could litigate Mr. Crespo's damages claims on behalf of his estate. The Appellants incorrectly filed a notice of appeal in this Court on Mr. Crespo's behalf, rather than Martha Crespo's, and the Appellees argue that this requires dismissal of her claims. We disagree. *See* Fed. R. App. P. 3(c)(7).

(Korman, *J.*) dismissing their damages claims for failure to state a claim upon which relief can be granted and their claims for injunctive relief as moot.  The Appellants are former prisoners incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn who seek to represent a class of the MDC's "Cadre" inmates, minimum-security convicted male prisoners who are serving relatively short sentences.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

The Appellants first seek damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), arising from their claim that the MDC provides Cadre inmates with inadequate sunlight, air, and food in violation of the Eighth Amendment.  The District Court determined that it could not extend *Bivens* to this context.  We agree with the District Court that the Appellants' conditions-of-confinement claims present a new *Bivens* context because they are "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court," *Hernández v. Mesa*, 589 U.S. 93, 102 (2020) (quotation marks omitted), even though they may be "based on the same constitutional provision as a claim in a case in which a damages remedy was

4

previously recognized," *id.* at 103. We next "ask whether there are any special factors that counsel hesitation about granting the extension," *id.* at 102 (cleaned up); *see Doe v. Hagenbeck*, 870 F.3d 36, 42–43 (2d Cir. 2017), understanding that if there is "even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy," *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quotation marks omitted). "[W]hen alternative methods of relief are available, a *Bivens* remedy usually is not," *Ziglar v. Abbasi*, 582 U.S. 120, 145 (2017), and in the context of prison litigation, "suits in federal court for injunctive relief and grievances filed through the [Bureau of Prisons ("BOP")]'s Administrative Remedy Program" constitute alternative remedies, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001); *see Egbert*, 596 U.S. at 497. Those alternative remedies exist here, as the Appellants acknowledge that they used the BOP grievance process to address their conditions-of-confinement claims, and they seek injunctive relief in this case. We accordingly affirm the District Court's judgment dismissing the conditions-of-confinement claims under *Bivens*.

The Appellants also bring a *Bivens* claim based on the deprivation of constitutionally adequate medical care. The District Court dismissed that claim, concluding that the Appellants had failed to plead sufficient facts indicating that

5

the Appellees, all of whom are senior-level officials at the MDC and the BOP, were personally involved in the provision of medical care.  We agree.

"Because vicarious liability is inapplicable to *Bivens . . .* suits," a plaintiff must plead that each defendant was personally involved in the violation of his rights "through [the defendant's] own individual actions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020).  The Appellants claim that various prison nurses and line officers, none of whom are named as defendants, deprived them of medical care at the MDC while acting "under the [Appellees'] supervision and control," Joint App'x 95, but they fail to allege that the Appellees were personally involved in these deprivations.  At best, the Appellants plead that five Appellees sometimes attended meetings in which prisoners protested the MDC's medical care, but they do not allege that these Appellees were specifically aware of or involved in any of the relevant medical incidents when they occurred.  The Appellants also plead that plaintiff David Crespo told two Appellees about the MDC's inadequate medical care through the MDC's administrative complaint system.  But a prison official cannot be deliberately indifferent to serious medical needs that he does not know exist, and Crespo filed these complaints *after* the relevant medical incidents

6

occurred, so they cannot be construed to support allegations that prison officials were deliberately indifferent *before* receiving his complaints. We therefore affirm the District Court's judgment dismissing the Appellants' *Bivens* claims alleging unconstitutionally inadequate medical care.

After the death of David Crespo, who was the only representative plaintiff of the putative injunctive class, the District Court held that the putative class's claims for injunctive relief were moot.[2] The court also declined to consider a motion to intervene from putative class members Chenshin Chan and David Nagy, who were incarcerated at the MDC and sought to replace Crespo as representative plaintiffs. On *de novo* review, *Conn. Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 444 (2d Cir. 2021), we conclude that this was error.

"[A] plaintiff must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action" in order to seek relief in federal court. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (quotation marks omitted). An action typically becomes moot and must be dismissed if the sole plaintiff loses that interest during the pendency of the case.

---

[2] The Appellees had previously moved to dismiss the putative injunctive class's claims as moot when Crespo was released from the MDC in 2019. The District Court denied the Appellees' motion. We agree with the District Court's reasoning. *See Amador v. Andrews*, 655 F.3d 89, 100 (2d Cir. 2011).

7

*See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). But the mootness doctrine is "riddled with exceptions." *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994). As relevant here, if a plaintiff loses his personal stake in an action and a proposed substitute plaintiff is prepared to take his place, the district court "maintains jurisdiction to determine whether a substitute plaintiff would avoid" mootness. *Klein ex rel. Qlik Techs., Inc. v. Qlik Techs. Inc.*, 906 F.3d 215, 218 (2d Cir. 2018); *see Swan v. Stoneman*, 635 F.2d 97, 102 n.6 (2d Cir. 1980).

Here, the District Court explained that it "must first consider whether the injunctive relief claim was mooted by Crespo's death," and that only "[i]f the case is not moot" could it then consider "whether the motion to intervene should be granted." *Crespo v. Carvajal*, No. 17-CV-6329, 2024 WL 1069888, at *2 (E.D.N.Y. Mar. 11, 2024). The District Court accordingly declined to consider Chan and Nagy's motion after it determined that the injunctive relief claims were moot. *See id.* at *4–5. But, as previously noted, where the named plaintiff loses any personal stake in an action, the district court "maintains its jurisdiction at least long enough to determine whether . . . a substitution could avoid mootness," and granting an appropriate substitution "should be considered as an alternative to dismissal." *Klein*, 906 F.3d at 225. The District Court thus erred in declining to

8

consider Chan and Nagy's substitution motion upon concluding that the claims for injunctive relief were moot. We vacate the portion of the District Court's judgment dismissing the putative injunctive relief class's claims and remand the cause with instructions for the District Court to resolve the merits of Chan and Nagy's pending motion to intervene.

## CONCLUSION

We have considered the Appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part, and the cause is REMANDED to the District Court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9